UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

CAPMARK FINANCE INC.,                :
                                     :
         Petitioner,                 :
                                     :
    v.                               :    File No. 1:08-MC-83
                                     :
R & G PROPERTIES, INC.,              :
                                     :
         Respondent.                 :
_____      :

RULING ON RESPONDENT'S MOTIONS TO
VACATE ORDER GRANTING STAY PENDING APPEAL
(Papers 3, 6)

I. Introduction

R&G Properties, Inc. moves to vacate (Paper 3) this Court's November 21, 2008 Order (Paper 2) granting Capmark Finance Inc.'s motions to stay turnover and for an injunction pending appeal. R&G Properties also filed an expedited motion to vacate the Order (Paper 6). Capmark filed responsive papers to each motion (Papers 5, 7). For the reasons stated below, the motions to vacate the stay are denied.

II. Background

The Court assumes familiarity with the factual and procedural background of this case as detailed in this Court's Order of the same date allowing Capmark's appeal of the underlying Bankruptcy Court Order. See Order, Dkt. No. 08-cv-262 (D. Vt. Feb. 23, 2009).

1

III. Motions to Vacate Stay

The Court will consider the same four factors as it did with respect to granting the stay in its determination as to whether to vacate the stay. Those factors are: (1) likelihood of success on the merits; (2) irreparable harm absent a stay; (3) substantial harm caused by virtue of a stay; and, (4) public interest. Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the stay proponent] will suffer absent the stay. Simply stated, more of one excuses less of the other." Id. at 101 (internal citation omitted).

Here, the possible injury to the sole unrelated creditor if the stay is vacated, compared to the lesser "injury" to the debtor of continuing the status quo for a brief interval suggests the degree of likelihood of success need not be set too high. See, e.g., id. at 102. R&G Properties points to the presumption in the bankruptcy code favoring debtors remaining in possession during reorganization (Paper 3 at 8); however, in this case, the debtor has not been in possession for over two years. R&G also points to the fact that the receiver is not paying mortgage payments. Id. This fact does not weigh heavily in the Court's analysis as the debtor's failure to make mortgage payments precipitated the foreclosure action. Also, since the receiver

has been in control of the properties, Capmark has been paid upwards of $345,000. Additionally, as the receiver is managing the property competently and increasing the cash on hand, the Court finds there is little possibility of substantial harm to R&G Properties. Finally, because the receiver is running the properties smoothly, the public interest as well as the particular tenants will not be harmed by a continuation of the status quo.

R&G Properties' expedited motion for a ruling on its motion to vacate (Paper 6) is moot as its argument related to its motion to extend the exclusive period which the Bankruptcy Court decided in R&G Properties' favor subsequent to its filing the expedited motion in this Court. See Order, Dkt. No. 08-10876, (Bankr. D. Vt. Jan. 28, 2009).

IV. Conclusion

For the reasons stated above, R&G Properties' motion to vacate the stay (Paper 3) is DENIED and its motion for expedited ruling (Paper 6) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of February, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge